UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bondary McCall, # 43827-019, | ) | C/A No. 3:07-0353-TLW-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Raymond Holt; | ) | |
| Donald F. Bauknecht; | ) | |
| NFN Meeks; | ) | |
| Edith Weir; | ) | |
| Gray Miller; | ) | |
| Gee and GeCorzo, | ) | |
| | ) | |
| Respondents. | ) | |

## *Background of this Case*

The petitioner is a federal prisoner at FCI-Williamsburg. This is the third case filed by the petitioner concerning notary service. The petitioner seeks a writ of prohibition. Although the petitioner alleges that he has been denied access to a notary, the petitioner is actually complaining about BOP policy not to allow notarization of documents whereby federal prisoners have been attempting to file liens against federal officials. The petitioner states that he is seeking a writ of prohibition because: *(1)* the respondents are acting *ultra vires* or in excess of their authority; *(2)* the exercise of the authority by the respondents is not authorized by law; *(3)* the policy will result in injury to the petitioner, and the petitioner has no adequate remedy at law; and *(4)* the policy was not implemented in accordance with the Administrative Procedures Act.

1

The petition for writ of prohibition was received by the Office of the Clerk of Court on February 5, 2007. In an order filed in this case on February 9, 2007, the undersigned directed the petitioner to submit a Statement of Assets and answer Special Interrogatories. On February 22, 2007, the signed Statement of Assets and signed Answers to Court's Special Interrogatories were received. None of the questions in the Special Interrogatories (Entry No. 6) have been answered by the petitioner. Instead, the petitioner has used a purported stamp under Section 1-207 of the Uniform Commercial Code (UCC).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and other pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition for writ of prohibition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

     The petition for writ of prohibition reveals that the Federal Bureau of Prisons is now placing impediments to attempts by federal prisoners to file liens, purportedly under the Uniform Commercial Code (UCC), against federal officials. The petitioner's underlying federal conviction, however, is for a cocaine distribution conspiracy. McCall v. United States, 77 F.3d 483 [Table], 1996 U.S.App. LEXIS® 5713, 1996 WESTLAW® 77437 (6th Cir., February 20, 1996)(affirming 365-month sentence); and United States v. McCall, 187 F.3d 639 [Table], 1999 U.S.App. LEXIS® 18507, 1999 WESTLAW® 618059 (6th Cir., August 5, 1999)(affirming forfeiture of petitioner's

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

1990 Mercedes Benz 300SL automobile purchased with drug proceeds). Hence, it appears that the petitioner's involvement in attempts to file liens took place after his federal incarceration.

It is readily apparent that the petitioner has not exhausted the issue of notary service in the Federal Bureau of Prisons. As a result, this case is subject to summary dismissal for failure to exhaust federal prison remedies. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

The Administrative Procedures Act, which is codified at 5 U.S.C. § 554 *et seq.*, and at 5 U.S.C. § 701 *et seq.*, is *not* applicable to inmates of the Federal Bureau of Prisons. *See* 18 U.S.C. § 3625. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987, 1986 U.S.App. LEXIS® 25782 (10th Cir. 1986).

The petitioner must begin the process of administratively exhausting his administrative remedies by filing a Form BP-8 (the informal resolution process). If the petitioner is not satisfied with the informal resolution, he must file a formal grievance with the Warden of his prison (using a Form BP-9). *See* 28 C.F.R. § 542.13(b); and Hernandez v. Steward, 1996 U.S.Dist. LEXIS®

4

18076, 1996 WESTLAW® 707015 (D.Kan., November 27, 1996)(federal prisoners must exhaust prison remedies prior to bringing suit in a federal district court).[3]

---

[3]In Hernandez v. Steward, the United States District Court for the District of Kansas outlined the procedure for exhausting administrative remedies in the Federal Bureau of Prisons:

> The case comes before the court on the government's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and the government's motion to grant its motion to dismiss as uncontested (Dk. 18). By minute order filed October 23, 1996, (Dk. 20), the court gave the plaintiff until November 15, 1996, to file a response in accordance with D. Kan. Rules 7.1 and 7.6. The court also cautioned the plaintiff that "[i]f a response is not timely filed, the court may consider and decide the defendants' motion to dismiss as an uncontested motion." (Dk. 20). The plaintiff has not filed a response within the time provided.
>
> The defendants seek dismissal arguing the plaintiff has not exhausted the administrative remedies available to inmates confined in correctional facilities operated by the federal Bureau of Prisons. *See* 28 C.F.R. Part 542. The Prison Litigation Reform Act, signed into law on April 26. 1996, Pub. L. No. 104-132, amended 42 U.S.C. § 1997e making it mandatory that a prisoner exhaust his administrative remedies. [FN1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
>
>> [FN1. The Prison Litigation Reform Act took effect three days before the plaintiff filed this action.]
>
> In his complaint, the plaintiff declares under penalty of perjury that he exhausted his administrative remedies and that he "filed what they called informal remedy which is BP, 8, 9, and 10 and they never replaid (sic) to" him. (Dk. 2 p. 3). The plaintiff does not attach copies of any forms he says were "filed." The plaintiff's conclusory assertion is not enough to demonstrate exhaustion within the meaning of § 1997e(a).
>
> Under the federal administrative remedy program, the inmate first must submit his "issue of concern informally to staff." 28 C.F.R. § 542.13. If the issue is not resolved informally, the inmate commences the three-tiered administrative remedy procedure by filing a written administrative remedy request (BP-9) with the local institution's administrative staff (Warden). 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) with the Regional

(continued...)

When the Warden of FCI-Williamsburg has issued a determination on the petitioner's formal

---

(...continued)
    Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the General Counsel. This is the final administrative appeal provided under the administrative remedy scheme. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied,* 116 S. Ct. 112 (1995).

    The declaration of Robert Bennett, the administrative remedy coordinator at the United States Penitentiary, Leavenworth, Kansas, reveals that all available records of administrative remedy submissions for the plaintiff were searched and that none of the plaintiff's submissions pertained to the issues raised in the instant complaint. Bennett's declaration summarizes the plaintiff's nine different administrative remedy submissions and recounts that all but one of the submissions were rejected on procedural grounds pursuant to 28 C.F.R. § 542.17. Bennett's declaration is supported by computer-generated reports from SENTRY, the computer-based system on which all inmate submissions are permanently recorded.

    Other than the conclusory assertions in the plaintiff's complaint, there is nothing of record to demonstrate that he exhausted the available administrative remedies. The plaintiff's explanation of the steps he took towards exhaustion shows his efforts were incomplete. The plaintiff only refers to his filing of an "informal remedy." Though he lists several "BP" forms, he fails to mention an appeal (BP-11) to the General Counsel. As for his excuse that "they never" replied, the plaintiff was still obligated to pursue all levels of the administrative scheme. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Under these circumstances, the record is devoid of a factual basis for reasonably believing that the plaintiff fully exhausted the administrative remedies available to him under the federal prison system.

    IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and motion to grant its motion to dismiss as uncontested (Dk. 18) are granted, and the case is dismissed without prejudice due to the plaintiff's failure to exhaust administrative remedies before bringing this action.

Hernandez v. Steward, supra, at *1-*2.

grievance, only the first step of the formal administrative process will have been completed. If necessary, the petitioner must appeal the Warden's determination to the Regional Director of the Federal Bureau of Prisons, and, if necessary, to the Office of General Counsel. 28 C.F.R. § 542.15. *See also* Williams v. O'Brien, supra, 792 F.2d at 987. The petitioner "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. §§ 542.10 through 542.16; and *cf.* Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

The recent decision of the Supreme Court of the United States in Jones v. Bock, 75 U.S.L.W. 4058, 127 S.Ct. 910, 2007 U.S. LEXIS® 1325, 2007 WESTLAW® 135890 (U.S., January 22, 2007), does not require that process be issued in the above-captioned case. *See* Woodford v. Ngo, 165 L.Ed.2d 368, 126 S.Ct. 2378, 2006 U.S. LEXIS® 4891 (2006)(PLRA requires "proper exhaustion" of administrative remedies). Jones v. Bock was a civil rights action under 42 U.S.C. § 1983. The above-captioned case is a mandamus-type action. Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). Instead of a mandamus action, the petitioner has a readily available remedy: a civil rights action after he has exhausted the Administrative Remedy procedure in the Federal Bureau of Prisons. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005)(summary dismissal appropriate if lack of exhaustion readily apparent from initial pleadings or other documents).

The petitioner, by using a purported UCC stamp, has willfully failed to answer Special Interrogatories requesting information relating to his use of the Bureau of Prisons' Administrative Remedy procedure. *See* Entry No. 6. In fact, the petitioner's failure to file specific answers to the Court's Special Interrogatories (Entry No. 6) in the above-captioned case is similar to what he did (or failed to do) in his first two civil actions filed in this court. *See* Bondary McCall v. United States of America, C/A No. 3:06-3234-TLW-JRM; and Bondary McCall v. United States of America, C/A No. 3:06-3234-TLW-JRM.

The petitioner has also had cases dismissed in other federal jurisdictions for failure to comply with court orders to provide documents. *See*, *e.g.*, McCall v. Dept. of Justice, 2003 WESTLAW® 22335001 [no LEXIS® citation available] (D.C. Cir., October 9, 2003); McCall v. Ashcroft, 2004 WESTLAW® 98702 [no LEXIS® citation available] (D.C. Cir., January 13, 2004); and McCall v. Barron, 2005 U.S.Dist. LEXIS® 28485 [no WESTLAW® citation available] (N.D.Fla., November 15, 2005)("Petitioner filed three documents (docs. 9, 11, and 12), but they do not contain any comprehensible arguments in response to the report and recommendation. Having considered the report and recommendation, I have determined that the report and recommendation should be adopted.").[4]

---

[4] It can be judicially noticed that the United States has criminally prosecuted tax protesters who have filed fraudulent liens against federal officials and employees. *See* United States v. Bostian, 59 F.3d 474, 476-480, 1995 U.S.App. LEXIS® 17250 (4th Cir. 1995), *cert. denied*, Bostian v. United States, 516 U.S. 1121, 133 L.Ed.2d 857, 116 S. Ct. 929, 1996 U.S. LEXIS® 1076 (1996); and United States v. MacElvain, 858 F. Supp. 1096, 1100, 1994 U.S.Dist. LEXIS® 6062 (M.D.Ala. 1994)("The filing of such frivolous documents imposes irreparable harm on the individuals and entities that are the victims of the liens."), *affirmed*, 68 F.3d 486, 1995 U.S.App. LEXIS® 27683 (11th Cir. 1995). *See also* United States v. Reeves, 782 F.2d 1323 (5th Cir.), *cert. denied, Reeves v. United States*, 479 U.S. 837 (1986). Even so, in light of the decision of the United States Court of Appeals for the Fourth Circuit in Green v. Young, 454 F.3d 405, 2006 U.S. App. LEXIS® 18685
(continued...)

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The petitioner's attention is directed to the Notice on the next page.

                                                                        Respectfully submitted,

March 1, 2007                                    s/Joseph R. McCrorey
Columbia, South Carolina                   United States Magistrate Judge

---

(...continued)
(4th Cir. 2006)(dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition is a "strike" is *not* appropriate in the above-captioned case.

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).